

David W. Shapiro
dshapiro@nortonlaw.com
510-906-4906

June 27, 2023

<u>VIA ECF</u>

Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

*Re: Michael Binday v. United States of America, Docket No. 21-1206*

This letter is submitted pursuant to Federal Rule of Appellate Procedure 28(j) in response to the letter submitted today by the government.

First, the government incorrectly contends that Binday attempted to "evade" the rules of AEDPA by filing a habeas petition under section 2241. To the contrary, Binday followed the procedure dictated by this Court in *Triestman v. United States*, 124 F.3d 361 (2d Cir. 1997), *abrogated by Jones v. Hendrix*, No. 21-857 (June 22, 2023).

Second, in his reply on his motion for bail, Binday explained why his motion under section 2255 was not second or successive and why *Ciminelli* was a constitutional decision retroactive in Binday's case, thus establishing "substantial questions." The government incorrectly refers to the bail standard as one of "likelihood of success" and "high likelihood of success." Neither is an accurate recitation of the standard on a bail motion.

Third, the Supreme Court directed this Court to consider Binday's motion in light of the decision in *Ciminelli*, not *Jones*, thus reflecting its view that Binday's section 2255 motion was directly affected by its holding in *Ciminelli* and not affected by *Jones*, which was issued only one month after *Ciminelli*. If the Supreme Court thought *Jones* would be relevant here, then it would have held Binday's certiorari petition until after it decided *Jones*. That it did not speaks to *Jones*'s irrelevancy.

Fourth, 28 USC § 2412 authorizes federal courts to award fees to the "prevailing party in any civil action brought by or against the United States." Supreme Court Rule 43.5 authorizes imposition of costs on the United States "unless the Court otherwise orders." Here, the Supreme Court identified Binday as the "prevailing party" by

June 27, 2023
Page 2

awarding him costs on his certiorari petition, thus indicating that he raised substantial questions.

      Finally, the government reiterates its faulty claim that *Ciminelli* was a statutory interpretation case. To the contrary, the Court rejected a judge-made, overbroad definition of "property" *because* that judicial definition violated constitutional principles.

Very truly yours,

[signature]

David W. Shapiro
THE NORTON LAW FIRM PC

299 Third Street, Suite 200, Oakland, California 94607