

David Shapiro
dshapiro@nortonlaw.com
510-906-4906

July 10, 2023

<u>**VIA E-MAIL:**</u>

Catherine O'Hagan Wolfe, Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

    Re:    *Michael Binday v. United States,* **Docket No. 21-1206**

Dear Ms. Wolfe:

    On behalf of Petitioner Michael Binday, we urge the Court to reject the government's suggestion that it is "not at all clear" (Doc. 102) additional briefing is necessary because Binday filed a bail motion after the Supreme Court vacated this Court's judgment denying Binday authorization to file a 28 U.S.C. § 2255 motion based on *Kelly v. United States*, 140 S. Ct. 1565 (2020).

    First, a bail motion on habeas and a motion for authorization file a second or successive section 2255 motion invoke two different standards. The bail standard requires extraordinary circumstances; the authorization motion requires only a prima facie showing that Binday has met the standard for authorization. 28 U.S.C. § 2244(b)(3)(C); *Bell v. United States*, 296 F.3d 127, 128 (2d Cir. 2002) ("the prima facie standard").

    Second, while the government opposed Binday's request for authorization in this Court initially, it then waived any argument against authorization when it waived its right to file an opposition to Binday's certiorari petition in the Supreme Court. Then, when the Supreme Court asked the government for a response, it again waived any argument that the gatekeeping provisions of section 2255 foreclosed Binday's petition, and it instead advised the Supreme Court that Binday's case would be controlled by *Ciminelli v. United States*, 143 S. Ct. 1121 (2023). *See Buck v. Davis*, 580 U.S. 100, 127 (2017) (prosecution waives argument that a Supreme Court case is not retroactive when it fails to raise it "at the petition stage [and] is particularly 'significant' in deciding whether such an exercise of discretion is appropriate"). At a minimum, the government's chosen strategy in the Supreme Court supports Binday's request here, and he should have the opportunity to explain that waiver to this Court in full briefing.

Catherine O'Hagan Wolfe
July 10, 2023
Page 2

  Third, the Supreme Court remanded for consideration in light of *Ciminelli*, which means this Court must determine the effect on Binday's conviction of the Supreme Court's abrogation *United States v. Binday*, 804 F.3d 558, 581 (2d Cir. 2015), as well as the effect of *Ciminelli*. Binday's previous application for authorization obviously could not have addressed the substance of *Ciminelli* or the abrogation of *United States v. Binday* in Binday's initial motion or in his bail motion.

  Fourth, the examples Binday gave of issues relevant now, that were not ripe or relevant before, were just that—examples. Binday did not ask this Court to list issues for him. The Supreme Court granted Binday's petition and vacated the lower court judgment to give Binday the opportunity to make a full argument in support of his argument that his conviction is void.

  Fifth, the Supreme Court abrogated long-standing decisions of this Court approving the widespread application of a legal standard the government itself admitted was "overbroad." The Court should reject the government's effort to restrict Binday's ability to vindicate his rights.

  Finally, Binday does not object to the government's request to file an opposition to Binday's brief in support of his post-*Ciminelli* application on condition that Binday's request for a reply brief is part of the schedule.

               Very truly yours,

               David W. Shapiro
               THE NORTON LAW FIRM PC